Filed 7/18/14  P. v. Alvarez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESUS ALVAREZ,<br><br>Defendant and Appellant. | H040245<br>(Monterey County<br>Super. Ct. Nos. SS111600A &<br>SS112259A) |

Defendant Jesus Alvarez appeals trial court orders revoking, modifying, and reinstating felony probation in two cases after the court found defendant violated his probation in those cases by committing a misdemeanor while on probation.  Upon defendant's timely appeal, we appointed counsel to represent him in this court.  By letter dated March 20, 2014, this court notified defendant that his appellate counsel filed a brief that states the case and facts but raises no issue and informed defendant of his right to submit argument on his own behalf.  Defendant did not respond to that letter.  For the reasons stated here, we will affirm the orders.

## I.   STANDARD OF REVIEW

We review the entire record to determine if there are any arguable appellate issues. (*People v. Wende* (1979) 25 Cal.3d 436, 440-441.)  In reviewing the record, we must include "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## II.    TRIAL COURT PROCEEDINGS

The following factual summary is based on probation reports for defendant's two criminal cases at issue in this appeal.

Pursuant to a search warrant for "items associated with the sale of methamphetamine and ... firearms," police searched defendant's residence in August 2011 and found: two sawed-off shotguns; ammunition; a loaded flare gun modified to fire shotgun rounds; two bindles containing .4 grams and .2 grams of methamphetamine, respectively; and three glass pipes used to smoke methamphetamine.  Based on that search, the People charged defendant in Monterey County Superior Court case No. SS111600A with possession of a firearm by a felon (former Pen. Code, § 12021, subd. (a)(1), repealed by Stats. 2010, ch. 711, § 4; see § 29800, subd. (a)(1));[1] possession of ammunition by a felon (former § 12316, subd. (b)(1), repealed by Stats. 2010, ch. 711, § 4; see § 30305, subd. (a)(1)); possession of a sawed-off shotgun (former § 12020, subd. (a)(1), repealed by Stats. 2010, ch. 711, § 4; see §§ 17180, 16590, subd. (t)); possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); possession of methamphetamine while armed with a loaded, operable weapon (Health & Saf. Code, § 11370.1, subd. (a)); possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a)); and possession of burglary tools (§ 466).

In September 2011, as part of a plea agreement, defendant pleaded no contest to one count of possession of methamphetamine while armed, a felony.  (Health & Saf. Code, § 11370.1, subd. (a).)  The trial court suspended imposition of sentence for three years and placed defendant on probation with conditions, including that defendant obey all laws and abstain from alcohol consumption.  Defendant was to serve 90 days in county jail as a condition of probation, with credit for time served of two days; however, before defendant could serve that time, he was arrested in December 2011 when a

---

[1]  Unspecified statutory references are to the Penal Code.

probation search incident to a traffic stop uncovered a bindle containing .59 grams of methamphetamine.

Defendant was then charged in a new case, Monterey County Superior Court case No. SS112259A, with one count of transportation of methamphetamine. (Health & Saf. Code, § 11379, subd. (a).) In December 2011, as part of a plea agreement, defendant pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The court suspended imposition of sentence in case No. SS112259A for three years and placed defendant on probation, including a condition prohibiting alcohol use and the requirement that defendant serve 109 days in county jail, which the court deemed served due to 55 actual days in jail plus 54 days of section 4019 credit. In case No. SS111600A, the court revoked and reinstated probation based on defendant's plea in the newer case and required defendant to serve 180 days in county jail as a condition of probation, with credit for time served of two days. Defendant served 120 actual days in county jail, received 60 days of conduct credit, and was released in May 2012.

In August 2013, the People filed notices of violation in case Nos. SS111600A and SS112259A, alleging defendant violated probation by consuming alcohol and violating sections 243, subdivision (e) (battery against spouse or cohabitant) and 148 (resisting arrest), arising from an incident at defendant's residence. Later that month, defendant pleaded guilty to resisting arrest (§ 148) in Monterey County Superior Court case No. MS314198. The court found him in violation of his probation in the two felony cases, and also set a hearing for October 2013 regarding sentencing for all cases.

At the sentencing hearing, the court revoked and reinstated probation once again in case Nos. SS111600A and SS112259A. In case No. SS111600A, the court ordered defendant to serve 182 days in county jail as a condition of probation, which the court deemed served based on defendant's previous 122 days of actual custody and 60 days of section 4019 credit related in that case. In case No. SS112259A, the court ordered defendant to serve 109 days in county jail as a condition of probation, which the court

deemed served based on defendant's previous 55 days of actual custody and 54 days of section 4019 credit related to case No. SS112259A. Finally, the court denied probation in case No. MS314198 and imposed a sentence of 365 days in county jail, with 120 days of credit (60 days actual plus 60 days of section 4019 credit related to case No. MS314198).

We have reviewed the entire record and have found no arguable issue.

### III.    DISPOSITION

The orders are affirmed.

_____
Grover, J.

**WE CONCUR:**

_____
Manoukian, Acting P.J.

_____
Márquez, J.